CV 14          3853

MATSUMOTO, J.

AZRACK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CLAIRE DECEMBER

                            Plaintiff,                     Civil Action No.:_____

    -against-                                           COMPLAINT

THE CITY OF NEW YORK AND THE NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE MICHAEL KELLY,
TAX REG. 935104, AND OTHER UNIDENTIFIED         JURY TRIAL DEMAND
POLICE OFFICERS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY

                            Defendants
-----------------------------------------------------------------X

Plaintiff by her attorney Edward Zaloba, Esq., alleges as follows for her Complaint:

### PRELIMINARY STATEMENT

1. This is a civil action against **THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MICHAEL KELLY, TAX REG. 935104, AND OTHER UNIDENTIFIED POLICE OFFICERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,** to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, abuse of process, malicious prosecution and violations of police and public duties and obligations.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States

Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## VENUE

3. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## PENDANT STATE CLAIMS

4. That the Notice of Plaintiff's claims, the nature of the claims, and the date of, the time when, the place where and the matter in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on January 14, 2014.

5. On May 7, 2014, the plaintiff was examined at a 50H hearing pursuant to Gen. Mun. §50-H.

6. That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

## PARTIES

7. Plaintiff, CLAIRE DECEMBER, is a resident of Brooklyn, New York.

8. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers and detectives herein.

9. Defendants, **DETECTIVE MICHAEL KELLY and other unidentified police**

**officer are and were**, at all times mentioned, Police Officers of the City of New York. They are sued individually and in their official capacity.

10. Upon information and belief, Detective and other unidentified officers, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the New York City Police Department. These unknown defendant officers will be sued individually and in their official capacity.

11. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

12. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiffs, occurred in the County of Queens, New York, in the State of New York

### STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

13. On October 17, 2013, at approximately 6:05 a.m., plaintiff was sleeping in her rented room on the second floor of her residence located at 155-17 115th Road, Jamaica, New York.

14. She was in her bedroom with the door locked.

15. Plaintiff's door was pushed open and officer(s) with guns drawn entered said room.

16. The plaintiff was ordered to get up and stand, and removed to the hallway.

17. There was no contraband found on either plaintiff or in her room, nevertheless, plaintiff was cuffed and thereafter removed from said location.

18. Prior to leaving her room plaintiff displayed her diabetes card and also informed the

defendant officers that she not only suffered from diabetes but also from hypertension and needed her medication for diabetes. These requests were made at the location on several occasions and denied.

19. Plaintiff made several requests for her medication at the precinct and these requests were ignored.

20. The defendants and other unknown officers' conduct caused the plaintiff to be denied both medication, proper medical care and displayed a deliberate indifference to her medical needs.

21. Plaintiff was denied her medication and suffered pain and dizziness.

22. At central booking Plaintiff was examined by a nurse and immediately removed to a hospital due to being deprived of her medication.

23. Plaintiff remained cuffed at said hospital.

24. Plaintiff is 45 years of age with no prior criminal history.

25. There was no contraband in plain view.

26. There was no mention in said warrant and accompanying materials of plaintiff's involvement in any manner.

27. There was no mention of plaintiff in any prior investigation.

28. Upon information and belief, the defendant's application for said warrant was overbroad given the facts known by the defendants' at that time.

29. Upon information and belief, the warrant application was intentionally made overbroad by the defendant officer(s).

30. Said warrant application was unreasonably overbroad given the facts known at the

time of its request.

31. Plaintiff had neither knowledge of any contraband existence allegedly seized at said location.

32. That there was no probable cause to seize, cuff or detain the plaintiff.

33. There was no probable cause to indicate that plaintiff had committed a crime.

34. The defendants' execution of said warrant and subsequent arrest of the plaintiff was unreasonable and displayed a conscious decision to ignore the facts and circumstances existing at said time.

35. There was no probable cause on behalf of defendant officers to either seize/search and or arrest the plaintiff.

36. All information that defendant officers had prior to the entry of said premises and after said entry did not provide probable cause to believe that an offense or crime was committed by the plaintiff.

37. The defendant officers were not in possession of any objective evidence which allow a reasonable person to conclude that plaintiff had committed a crime or offense.

38. That the defendant and other unknown police officers execution of said warrant and subsequent arrest of plaintiff was totally unreasonable given the facts and circumstances known at said time.

39. That the defendant officers known and unknown conspired to unlawfully seize, detain and imprison and prosecute the plaintiff herein.

40. That the defendant officers falsely arrested plaintiff and charged her with violations of Penal Law §220.03, 220.50, 221.05.

41. That the plaintiff was seized, cuffed and arrested without probable cause.

42. The plaintiff was unlawfully arrested and unlawfully imprisoned.

43. The plaintiff was unlawfully imprisoned against her will.

44. The plaintiff was unlawfully imprisoned at the precinct, and central booking, and hospital and forced to appear before the Queens County Criminal Court.

45. The plaintiff remained unlawfully imprisoned for approximately thirty-six hours before she was released.

46. The defendant officers caused plaintiff to be maliciously prosecuted in Queens County Criminal Court.

47. The defendants continued to maliciously prosecute the plaintiff in Queens Criminal Court for approximately five months.

48. That the defendants conspired to falsify documents, reports and court records and withhold vital information from the prosecutor, all in furtherance of said conspiracy.

49. The plaintiff was placed under arrest and maliciously prosecuted despite defendant officers and other unknown officers knowledge that they lacked probable cause to do so.

50. That the defendants known and unknown, herein failed to intervene to cease the unlawful acts and conspiracies of the defendant officers herein.

51. That the Plaintiff is wholly innocent of any and all allegations and charges pertaining to the alleged incident occurring on October 17, 2013.

52. That plaintiff's case was dismissed and sealed on March 10, 2014.

53. As a result of defendants and other unknown officers' conduct, plaintiff was caused to suffer pain, discomfort and an exacerbation of her medical condition.

54. As a result of the false arrest, and imprisonment, and defendants conduct plaintiff sustained emotional distress and physical injury, embarrassment, humiliation, economic loss and the loss of personal property, psychological scaring and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

55. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

56. The conduct and actions of Defendant **DETECTIVE MICHAEL KELLY and other unidentified officers,** under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

    (a) Plaintiff was deprived of her First Amendment right to speak freely and to petition the government for redress of grievances;

    (b) Plaintiff was deprived of their Fourth Amendment constitutional right to be free from both an unreasonable seizures of her person and home;

    (c) Plaintiff was deprived of her Fourth, Eighth and Fourteenth Amendment rights to be provided necessary medical treatment and care;

    (d) Plaintiff was deprived of their Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiff was deprived of her Fourteenth Amendment right to equal protection of law;

57. As a result of the defendant's conduct, plaintiff was deprived of liberty, sustained emotional injury including mental suffering, humiliation, physical injury, pain and suffering, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF ALL PLAINTIFF
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

58. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

59. The Defendant officer issued legal process to place plaintiff under arrest.

60. The Defendant officer arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

61. The Defendant officer acted with intent to do harm to plaintiff without excuse or justification.

62. The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

63. As a result of Defendant's conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and were otherwise harmed damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS (STATE & FEDERAL)

64. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

65. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

66. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

67. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

68. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

69. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their

authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

70. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

71. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

72. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

73. Moreover, the action of the individual defendant and other unknown officers resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officer of said City. When officers unreasonably execute a blanket arrest of all persons present without concern to

the facts and circumstances and the clear lack of probable cause while executing search warrant. Where the upward mobility of the officers within ranks is accomplished by the sheer number of arrests. This conduct is open and notorious and frequently implement in search warrant situations where both weapons and drug arrests are prosecuted. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

74. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

75. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte06 CV 5523, Theodore Richardson 07CV 3651.** These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

76. The defendant City has rather than correct and rectify these unconstitutional abuses by its police force it would rather permit said abuses to continue as a "cost of doing

business". Defendant City has made a conscious – ill advised decision to allow the status quo to continue and allow the police to police themselves, thereby resulting in multitudes of civil rights violations and abuses.

77. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

(c) Has failed to properly train, instruct, and discipline police officers with regard to testifying falsely under oath;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to proper review of facts and circumstances when warrants are executed and arrests made;

(e) Has failed to properly instruct, and discipline police officers that arrest persons without probable cause and thereafter blatantly deny said persons necessary medical treatment and care is both improper police procedure as well as a violation of constitutional rights.

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

78. Defendant City of New York is directly liable and responsible for the acts of

defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

79. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

80. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of her rights without due process of law, in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

81. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

82. As a result of the foregoing conscious policies, practices, customs and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiffs herein.

83. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered pain and suffering and was otherwise harmed, damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, NYS CONSTITUTIONAL VIOLATIONS

84. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

85. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of their rights, privileges and immunities:

(a) Plaintiff was deprived of her rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

(b) Plaintiff was deprived of her rights to be free unreasonable seizures of her person; in violation of § 12 of the Constitution of the State of New York;

(c) Plaintiff was deprived of her right to proper medical treatment and care in the course of an unlawful seizure, in violation of the Constitution of the State of New York;

(d) Plaintiff was deprived of her rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

86. As a result of the defendants' conduct, Plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, suffered physical injuries and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FALSE ARREST

87. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and

at length set forth set forth herein.

88. By the actions described above, the defendants DETECTIVE MICHAEL KELLY and other unidentified officers falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

89. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF FALSE IMPRISONMENT

90. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

91. By the actions described above, the defendant **Detective MICHAEL KELLY** and other unidentified defendant officers, each acting individually and in concert with each other, falsely imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so. The acts and conduct of the defendants was the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

92. Plaintiff was conscious of and did not consent to her confinement.

93. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and

injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF ALL PLAINTIFFS,
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

95. By the actions described above, the defendant **DETECTIVE KELLY** and other unidentified defendant officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

96. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## NEGLIGENCE

97. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

98. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a)    failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including

(but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers had neither observed a crime committed nor any suspicious behavior on behalf of the plaintiff; and other acts which a police officer of ordinary prudence would not have done;

(b) failed to perform their duties as reasonable and prudent officers where although plaintiff was seized without probable cause, the defendant officers still falsely imprisoned the plaintiff and continued to process her arrests.

(c) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure or subsequent unlawful arrest and imprisonment.

(d) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons when said arrests of plaintiffs were unreasonable and without probable cause under the facts and circumstances existing;

(e) failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause as to the preparation and submission of accurate criminal charges, as to the consequences of bringing false criminal charges; and as to the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(f) failed to establish meaningful procedures for disciplining officers a and other personnel who have engaged in such acts of misconduct.

(g) failed to performed their duties and provide plaintiff necessary medication and medical treatment.

99. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution

of the State of New York.

100. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to her.

101. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

102. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

103. Each and every individual defendant officer had an affirmative duty to intervene on the plaintiffs' behalf to prevent the violation of their constitutional rights.

104. The individual defendant officers failed to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights despite having a realistic opportunity to do so.

105. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights was violated and she was subjected to false arrest and unlawful imprisonment.

### AS AND FOR AN TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT HIRING AND RETENTION,

106. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

107. Upon information and belief, defendant City of New York failed to use reasonable

care in the hiring and retention of the aforesaid defendant who conducted and participated in the seizure, arrest and imprisonment of Plaintiff.

108. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants, **Detective Kelly and other unidentified officers** to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

109. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

110. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of the plaintiff.

### AS AND FOR A TWELFTH CAUSE OF ACTION RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

111. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

112. The conduct of defendants Detective Kelly and other unidentified police officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting

as agents, officers, servants and employees of the defendant **CITY OF NEW YORK.** The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

113. As a result of the foregoing, plaintiff was deprived of her constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, the plaintiff demands judgment:

A. Compensatory damages in the amount of TWO MILLION ($2,000,000) DOLLARS for Plaintiff;

B. Punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS for plaintiff;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
June 18, 2014

Yours, etc.,

_____
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000